**Stephanie SMITH**

v.

**COLONIAL PENN INSURANCE COMPANY.**

Civil Action No. G–96–503.

United States District Court, S.D. Texas, Galveston Division.

Nov. 6, 1996.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Stephanie Smith.

James Robert Scott, Hirsch Glover Robinson & Sheiness, Houston, TX, for Colonial Penn Insurance Company.

## ORDER DENYING MOTION TO TRANSFER

KENT, District Judge.

This is a breach of contract case based on an insurance contract entered into by Plaintiff and Defendant. Now before the Court is Defendant's October 11, 1996 Motion to Transfer Venue from the Galveston Division to the Houston Division of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Motion is **DENIED.**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The defendant bears the burden of demonstrating to the District Court that it should, in its sound discretion, decide to transfer the action. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.) (holding that the decision whether to transfer rests with the sound discretion of the District Court), *cert. denied*, 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (holding that the defendant bears the burden of demonstrating that the action should be transferred). The Court weighs the following factors to decide whether a transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *E.g., Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex. 1993); *Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

Defendant's request for a transfer of venue is centered around the fact that Galveston does not have a commercial airport into which Defendant's employees and corpo-

rate representatives may fly and out of which they may be expediently whisked to the federal courthouse in Galveston. Rather, Defendant contends that it will be faced with the huge "inconvenience" of flying into Houston and driving less than forty miles to the Galveston courthouse, an act that will "encumber" it with "unnecessary driving time and expenses." The Court certainly does not wish to encumber any litigant with such an onerous burden. The Court, being somewhat familiar with the Northeast, notes that perceptions about travel are different in that part of the country than they are in Texas. A litigant in that part of the country could cross several states in a few hours and might be shocked at having to travel fifty miles to try a case, but in this vast state of Texas, such a travel distance would not be viewed with any surprise or consternation.[1] Defendant should be assured that it is not embarking on a three-week-long trip via covered wagons when it travels to Galveston. Rather, Defendant will be pleased to discover that the highway is paved and lighted all the way to Galveston, and thanks to the efforts of this Court's predecessor, Judge Roy Bean, the trip should be free of rustlers, hooligans, or vicious varmints of unsavory kind. Moreover, the speed limit was recently increased to seventy miles per hour on most of the road leading to Galveston, so Defendant should be able to hurtle to justice at lightning speed. To assuage Defendant's worries about the inconvenience of the drive, the Court notes that Houston's Hobby Airport is located about equal drivetime from downtown Houston and the Galveston courthouse. Defendant will likely find it an easy, traffic-free ride to Galveston as compared to a congested, construction-riddled drive to downtown Houston. The Court notes that any inconvenience suffered in having to drive to Galveston may likely be offset by the peacefulness of the ride and the scenic beauty of the sunny isle.

■ The convenience of the witnesses and the parties is generally a primary concern of this Court when considering transfer motions. However, vague statements about the convenience of unknown and unnamed witnesses is insufficient to convince this Court that the convenience of the witnesses and the parties would be best served by transferring venue. See Dupre, 810 F.Supp. at 823 (to support a transfer of venue, the moving party cannot merely allege that certain key witnesses are not available or are inconveniently located, but must specifically identify the key witnesses and outline the substance of their testimony). In the Court's view, even if all the witnesses, documents, and evidence relevant to this case were located within walking distance of the Houston Division courthouse, the inconvenience caused by retaining the case in this Court would be minimal at best in this age of convenient travel, communication, discovery, and trial testimony preservation. The Galveston Division courthouse is only about fifty miles from the Houston Division courthouse. "[I]t is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches on the Continental United States." Continental Airlines, 805 F.Supp. at 1397.

As to Defendant's argument that Houston might also be a more convenient forum for Plaintiff, the Court notes that Plaintiff picked Galveston as her forum of choice even though she resides in San Antonio. Defendant argues that flight travel is available between Houston and San Antonio but is not available between Galveston and San Antonio, again because of the absence of a commercial airport. Alas, this Court's kingdom for a commercial airport![2] The Court is unpersuaded by this argument because it is not this Court's concern how Plaintiff gets here, whether it be by plane, train, automobile, horseback, foot, or on the back of a huge Texas jackrabbit, as long as Plaintiff is here at the proper date and time. Thus, the Court declines to disturb the forum chosen by the Plaintiff and introduce the likelihood of delay inherent in any transfer simply to

---

1. "The sun is 'rize, the sun is set, and we is still in Texas yet!"

2. Defendant will again be pleased to know that regular limousine service is available from Hobby Airport, even to the steps of this humble courthouse, which has got lights, indoor plummin', 'lectric doors, and all sorts of new stuff, almost like them big courthouses back East.

avoid the insignificant inconvenience that Defendant may suffer by litigating this matter in Galveston rather than Houston. *See United Sonics, Inc. v. Shock,* 661 F.Supp. 681, 683 (W.D.Tex.1986) (plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"); *Dupre,* 810 F.Supp. at 828 (a prompt trial "is not without relevance to the convenience of parties and witnesses and the interest of justice").

For the reasons stated above, Defendant's Motion to Transfer is hereby **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on this issue in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**