**Diane L. CARLILE**

v.

**CONTINENTAL AIRLINES, INC., Clarence Dewey McLean, Tiara Roberts, Debbie McCoy, and Richard Mayo.**

**Civil Action No. G–96–724.**

United States District Court, S.D. Texas, Galveston Division.

Feb. 27, 1997.

---

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, Gregory D. Morrison, Houston, TX, for Diane Carlile.

Linda Ottinger Headley, Ogletree Deakins Nash Smoak & Stewart, Houston, TX, for Continental Airlines, Inc.

Ross Citti, Jackson & Walker, Houston, TX, Robert E. Rigrish, Atlanta, GA, for Clarence McLean, Tiara Roberts and Debbie McCoy.

Frank A. Doyle, Hanen Alexander Johnson & Spalding, Houston, TX, for Richard Mayo.

### ORDER DENYING MOTION TO TRANSFER

KENT, District Judge.

Now before the Court is the Defendants' Motion to Transfer this discrimination case to the Houston Division of the Southern District of Texas, dated January 27, 1997. For the reasons set forth below, the Motion is **DENIED**.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The defendant bears the burden of demonstrating to the Court that, in its sound discretion, the Court should transfer the action. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (whether to transfer a case is a decision resting within the sound discretion of the District Court), *cert. denied*, 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (defendant bears the burden of demonstrating that the action should be transferred). When deciding whether a transfer is warranted, the Court considers the following factors: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

The facts relevant to this Motion to Transfer can be briefly summarized. Plaintiff alleges that the Defendants are liable to her for sexual discrimination, sexual harassment, tortious conduct, defamation and civil conspiracy. Plaintiff alleges that these things occurred while she was working for Continental Airlines, first at the corporate headquarters in Houston, then later at Intercontinental Airport. Plaintiff is a resident of Harris County, Texas. Defendant Continental Airlines' corporate headquarters are located in Houston, Texas. Relying on these facts, the Defendants contend that the convenience of the parties, witnesses, and attorneys requires a transfer to the Houston Divi-

sion of the Southern District of Texas. The Court respectfully disagrees.

The Court has stated that the convenience of key witnesses is the most important factor in a Motion to Transfer Venue. *Continental Airlines,* 805 F.Supp. at 1396. The Defendants have produced no evidence that the witnesses in this case will be inconvenienced. The Defendants neither name any specific witnesses nor present any evidence to support that any of their potential witnesses will be inconvenienced by trying this case in Galveston. They do, however, make much of the fact that "most" witnesses reside within the Houston Division. Yet, as this Court has invariably observed, the Galveston Division courthouse is less than fifty miles from the Houston Division courthouse; therefore, "it is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches on the Continental United States." *Id.* at 1397. Furthermore, this Court has recently denied a Motion to Transfer Venue to the Houston Division, noting that the journey by land from Houston to Galveston is generally "free of rustlers, hooligans, or vicious varmints of unsavory kind." *Smith v. Colonial Penn Insurance Co.,* 943 F.Supp. 782, 784 (S.D.Tex.1996). Generalized allegations concerning the inconvenience to witnesses are insufficient to justify a transfer of venue. *Id.*

The Court is also amused to the point of befuddlement by the fact that Defendant Continental Airlines now finds the Galveston Division inconvenient, when just a short time ago, Continental Airlines chose this forum to file one of the largest antitrust cases in the history of the Fifth Circuit. In that case Continental Airlines explained:

Continental chose this Division of its home District not only because of its proximity to its headquarters—many Continental employees live as close to Galveston as to downtown Houston—but also because of an assessment (which has proven well-founded) that this Court has an unusually speedy docket.

Plaintiffs' Joint Response to Defendants' Motion to Transfer Venue at 4, *Continental Airlines,* 805 F.Supp. at 1392 (S.D.Tex.1992) (C.A. Nos. G–92–259, G–92–266). The Court is not persuaded that the Galveston Division, which was a convenient forum for Continental to litigate the fate of its very corporate life and where hundreds of millions of dollars were at stake, is not a convenient forum in which to defend itself against a single plaintiff's discrimination claims just four years later.

Consequently, as no evidence has been presented in this case to persuade the Court to alter its traditional reluctance to transfer venue in the absence of inconvenience to witnesses, and the Plaintiff chose to bring her suit in this District, the Court concludes that the added convenience occasioned by a trial in the Houston Division would be slight. Given the proximity of Galveston and Houston, Galveston is at least as convenient a forum to litigate this case as is Houston. Thus, the Court declines to disturb the forum chosen by the Plaintiff and introduce the likelihood of delay inherent in any transfer simply to avoid the insignificant inconvenience that the Defendants may suffer by litigating this matter in Galveston rather than Houston. *See United Sonics, Inc. v. Shock,* 661 F.Supp. 681, 683 (W.D.Tex.1986) (plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"); *Dupre,* 810 F.Supp. at 828 (a prompt trial "is not without relevance to the convenience of parties and witnesses and the interest of justice.").

Therefore, after careful consideration of the relevant factors and the specific facts of this case, the Court concludes that the Defendants have failed to carry their burden of demonstrating that a transfer is necessary to serve the interests of justice. Accordingly, the Defendants' Motion to Transfer is hereby **DENIED.**

**IT IS SO ORDERED.**