**FEDERAL TRADE COMMISSION, State of Texas, State of Vermont, and State of Wisconsin, Plaintiffs,**

v.

**MULTINET MARKETING, LLC, et al., Defendants.**

Civil No. 3:96–CV–1998–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 14, 1997.

D. Reed Freeman, Jr., Judith M. Nixon, F.T.C., Div. of Enforcement, Washington, DC, James E. Elliott, F.T.C., Dallas, TX, for F.T.C.

John Wheeler Owens, Asst. Atty. Gen., Consumer Protection Div., Houston, TX, for State of Texas.

Julie S. Brill, Atty. Gen. of Vermont, Montpelier, VT, for State of Vermont.

Barbara W. Tuerkheimer, Wisconsin Atty. Gen's Office, Madison, WI, for State of Wisconsin.

John Koda, Jeffery A. Boone, Venice, FL, for Multinet Marketing LLC, American Family Sweepstakes LLC, World Class Vacations Inc., Clarence Jack Servaes, Jack Michael Servaes.

## MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court is Defendants' Motion for Change of Venue, filed February 10, 1997; and Plaintiffs' Opposition, filed March 3, 1997.

## I. BACKGROUND

On July 17, 1997 the Federal Trade Commission and the states of Texas, Vermont and California initiated this lawsuit against Multinet Marketing, LLC, American Family Sweepstakes, World Class Vacations, Inc., American Readers Service, Inc., Clarence Jack Servaes, and Jack Michael Servaes.

Counts I and III of the Complaint for Injunction and Other Equitable Relief allege that Defendants violated section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and section 310.3(a)(2)(v) of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. 310.3 *et seq.*, by misrepresenting the value of prizes they offered. Count II alleges that Defendants violated section 310.3(a)(1)(iv) of the TSR by failing to clearly and conspicuously disclose, before consumers pay money to Defendants, that no purchase or payment is required to win a prize or participate in a prize promotion Count IV alleges that Defendants violated section 310.(a)(1)(v) of the TSR by failing to clearly and conspicuously disclose material conditions, limitations and restrictions on consumers' receipt or use of a vacation package. Count VI alleges that Defendants engaged in telephone solicitations without complying with the Texas Telephone Solicitation Act, Tex.Rev.Stat.Art. 5069–18.01 *et seq.* Count VII alleges that Defendants engaged in false, misleading or deceptive acts and practices in violation of the Texas Deceptive Trade Practices–Consumer Protection Act.

On November 4, 1996, the Court entered a Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress for American Readers Services, Inc., a Texas corporation with its principal place of business in Dallas. On December 17, 1996, after receiving a Joint Status Report from all remaining parties, the Court entered a Scheduling Order setting numerous deadlines for this case and scheduling it for trial in July 1997.

## II. MOTION FOR CHANGE OF VENUE

On February 10, 1997, the remaining Defendants filed a motion to transfer this case to the United States District Court for the Southern District of Texas, Houston Division. Defendants acknowledge that venue in both the Northern and Southern Districts is proper. *See* 15 U.S.C. §§ 53(b) and 6103(e), 28 U.S.C. § 1391(b) and (c). However, Defendants contend that Houston would be a more convenient forum. Defendants contend that all Defendants remaining for trial or their principals are located in or around Houston,

Texas. Defendants further contend that, to properly defend this case, they "intend to locate and interview as potential witnesses approximately 229 persons with knowledge of Defendants' businesses." Motion for Change of Venue at 2. "Of these potential witnesses, 97 percent are located in or around Houston." *Id.* In addition, Defendants state that only one of the Plaintiffs' attorneys is located in Dallas and that Plaintiffs' Complaint and attachments "do not indicate that Plaintiff will rely on an inordinate number of potential witnesses located in the Dallas area." *Id.* at 3. Moreover, Defendants contend that they are already at a disadvantage because Plaintiffs have more resources.

## III. ANALYSIS

In ruling on a motion to transfer, the Court considers the convenience of parties and witness and the interests of justice. 28 U.S.C. § 1404(a); *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 240, 102 S.Ct. 252, 257–58, 70 L.Ed.2d 419 (1981). The Defendants bear the burden of proving that the court should, in its sound discretion, transfer the case. *Peteet v. Dow Chemical Co.* 868 F.2d 1428, 1436 (5th Cir.1989), *cert. denied sub nom, Dow Chemical Co. v. Greenhill,* 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989); *Smith v. Colonial Penn Ins. Co.,* 943 F.Supp. 782, 783 (S.D.Tex.1996).

Motions for change of venue must be filed with "reasonable promptness." *Peteet v. Dow Chemical Co.,* 868 F.2d at 1436. Defendants waited nearly seven months after Plaintiffs filed this action before they sought a change in venue. Defendants failed to raise venue objections in their Answer. On November 13, 1996, the Court ordered the parties to file a Joint Status Report. The Court specifically asked the parties to address any challenge to venue. Defendants did not raise an objection to venue in the December 10, 1996 Joint Status Report. Defendants rely on the settlement of Dallas-based American Readers Service ("ARS") as a basis for their motion to change venue. However, this Court entered the ARS settlement on November 4, 1996. Defendants offer no reason for the delay in moving for a change of venue. A change of venue now is

likely to upset the discovery and trial schedule and waste judicial resources.

■ The plaintiff has the right to select the forum in which the lawsuit he initiates is to proceed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055(1947); *Time Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966). A plaintiffs' choice of forum should only be disturbed upon "a clear showing of facts that establish either 'oppressiveness or vexatiousness towards a defendant as to be out of proportion to a plaintiffs' convenience ... or [that] make a trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Merle Norman Cosmetics v. Martin,* 705 F.Supp. 296, 302 (E.D.La.1988), *quoting Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947). *See also Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). Defendants do not provide the name of a single witness who will actually testify. Defendants' make the blanket assertion that Defendants or their principals are located in or around Houston and then list individuals with knowledge of their businesses whom they intend to interview. Defendants' vague offering is insufficient to overcome the preference for plaintiffs' choice of forum.

## IV. CONCLUSION

Accordingly, the Motion for Change of Venue is **DENIED.** The case remains set on the Court's July 1997 trial docket.

SO ORDERED.