**Marie J. LOWERY, PH.D.**

v.

**UNIVERSITY OF HOUSTON—CLEAR LAKE.**

No. Civ.A. G–99–064.

United States District Court,
S.D. Texas,
Galveston Division.

June 3, 1999.

Sheila Beth Owsley, Attorney at Law, Houston, TX, for Marie J Lowery, PhD., plaintiff.

Jacqueline Murry Molden, Assistant Atty General, Austin. TX, for The University of Houston at Clear Lake, defendant.

*ORDER DENYING MOTION TO TRANSFER*

KENT, District Judge.

Now before the Court is Defendant's Motion to Transfer Venue to the Houston Division of the Southern District of Texas.

For the reasons stated below, Defendant's Motion to Transfer is hereby **DENIED.**

■ Defendant appears to contend that the general venue statute, 28 U.S.C. § 1391, requires that this case be transferred from the Galveston Division to the Houston Division. However, 28 U.S.C. § 1391(b) states that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides...." It is undisputed that both Plaintiff and Defendant reside within the Southern District of Texas. Venue is therefore proper in this Court, and Defendant's Motion to Transfer is accordingly **DENIED.**

■ The Court can only surmise that Defendant's Counsel confused the term "district" with the term "division," or relied upon the repealed section of the Judicial Code, 28 U.S.C. § 1393, for its contention that venue is improper in this Court. The Court is compelled to note that this is not the first time an attorney from the Attorney General's office has made such a mistake.[1] Some brief instruction, which the Court encourages the Assistant Attorney General to share with her colleagues, is therefore in order. Section 1393 of the Judicial Code, which required that venue be laid in a particular division within a district, was repealed in 1988. Repealed statutes are no longer effective after repeal. Instead, when requesting a venue transfer from one division to another within a single district, the current governing provision is 28 U.S.C. § 1404(a) which provides for transfer of an action "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." This Court has opined extensively on the factors to be considered and the appropriateness of transfer pursuant to § 1404(a). *See, e.g., Smith v. Colonial Penn Insurance Co.,* 943 F.Supp. 782 (S.D.Texas 1996); *Bevil v. Smit Americas,*

*Inc.,* 883 F.Supp. 168 (S.D.Tex.1995); *Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823 (S.D.Tex.1993). The relevant factors include: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the traditional deference accorded plaintiff's choice of forum. *See, e.g., Dupre,* 810 F.Supp. at 825. In the future, the Assistant Attorney General is admonished to frame her arguments in such a way as to persuade the Court that the *Dupre* analysis favors transfer. In the instant case, however, given the almost equal proximity of the University of Houston at Clear Lake to this Court and the Houston Division, such a motion could only be considered frivolous.

**IT IS SO ORDERED.**

---

1. The Court is mindful of the fact that assistant attorneys general most often litigate (very effectively) in state court, where venue rules are different. This oversight is therefore somewhat excusable.