**Jean–Loup CHRETIEN**

v.

**HOME DEPOT U.S.A., INC., and Home Depot International, Inc., d/b/a Home Depot.**

**No. Civ.A. G–01–179.**

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 12, 2001.

---

Edward J. Patterson, Jr., Royston Rayzor, Galveston, TX, pro se.

David Alan Slaughter, Attorney at Law, Houston, TX, Christopher Matthew Parks, Law Offices of Carl Parker, Port Arthur, TX, for Plaintiff.

Arthur K. Smith, III, Smith DeFeo, Dallas, TX, for Defendant.

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

KENT, District Judge.

This is a tort case involving an astronaut and a falling drill press. Plaintiff Jean–Loup Chretien ("Chretien") is a sixty-two year old Mission Specialist on active status with the National Aeronautics and Space Administration ("NASA"). Chretien claims that while shopping at a Home Depot store in Webster, Texas, a sixty-eight pound drill press fell from a shelf fourteen to sixteen feet above him, temporarily knocking him to the ground, and permanently "grounding" him from participating in any future NASA missions. Plaintiff brought suit against Home Depot U.S.A., Inc. ("Home Depot"), and Home Depot International, Inc., d/b/a Home Depot ("HDI"), alleging causes of action for negligence, res ipsa loquitur, and malice. On September 14, 2001, Defendants Home Depot and HDI filed a Motion to Transfer Venue, asking this Court to transfer Plaintiff's case to the Houston Division of the Southern District of Texas. For the reasons set forth in detail below, Defendants' Motion is **DENIED**.

### I. ANALYSIS

■ Defendants seek a transfer pursuant to the Court's discretionary venue powers under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the defendant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").

■ The decision to transfer a case rests within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet,* 868 F.2d at 1436 ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."); *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988) ("Decisions to effect a 1404 transfer are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."); *Marbury–Pattillo Constr. Co. v. Bayside Warehouse Co.,* 490 F.2d 155, 158 (5th Cir.1974) (declaring that whether to transfer venue is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion).

■ In determining whether a venue transfer is warranted, the Court considers the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if

transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996) (Kent, J.); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993) (Kent, J.); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (Kent, J.) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

■ Home Depot and HDI maintain that Plaintiff's case should be transferred to the Houston Division principally because: (1) witnesses reside in the Houston Division; (2) Plaintiff's counsel is located in Houston; (3) medical and other relevant records can be found in the Houston Division; and (4) the alleged incident occurred in a Home Depot store situated in Webster, Texas, also within the Houston Division. In response, Plaintiff points out that: (1) Plaintiff and his family reside in League City, Texas, a city within the Galveston Division; (2) witnesses reside in areas equidistant from the Galveston Division courthouse and the Houston Division courthouse; and (3) the Home Depot store located in Webster, Texas, is as close to Galveston as to Houston.

### 1. Availability and Convenience of the Witnesses and Parties

■ The Court has previously stated that the convenience of key witnesses is the most important factor in a motion to transfer venue. *See Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex.1994); *Continental Airlines*, 805 F.Supp. at 1396. In the instant case, Defendants stress that all of the fact witnesses, with the exception of Plaintiff and his family, are located within

the Houston Division. Specifically, Defendants contend that Plaintiff's case should be transferred because most of the persons at the scene of the incident, as well as Plaintiff's medical doctors, are in the Houston Division. At an absolute minimum, Defendants must identify key witnesses and provide a brief summary of their likely testimony in an effort to demonstrate to the Court why it would be inconvenient for them to testify in Galveston. *See LeBouef v. Gulf Operators, Inc.*, 20 F.Supp.2d 1057, 1060 (S.D.Tex.1998) (Kent, J.). Without a realistic and comprehensive summary of the testimony, it is impossible for the Court to determine if a witness' appearance is cumulative or unnecessary for trial. Although Defendants in the instant case have proffered vague sentence-long descriptions of each witness' expected testimony, such nominal justifications are wholly inadequate under this standard of evaluation.

■ If Defendants' failure to provide a summary of witness testimony were the only problem with Defendants' Motion, the Court would certainly allow Defendants to amend their Motion to make such a showing. However, no amendment is necessary because the Court finds that even if each of these witnesses provides relevant, noncumulative testimony unavailable from any other source, this factor does not compel a change of venue in light of the precise facts of this case. Specifically, Defendants have failed to produce one iota of evidence showing that witnesses would be more greatly inconvenienced by traveling to the Galveston Division courthouse than to the Houston Division courthouse. The vast majority of witnesses identified by Defendants are Home Depot employees who reside in Webster, Texas.[1] Given that the

---

1. The Court has frequently opined that the convenience of key witnesses who are em-

ployees of a defendant is "entitled to less weight because that party will be able to

Galveston Division courthouse is less than fifty miles from the Houston Division courthouse, that Webster is virtually equidistant from both courthouses, and that many witnesses may actually live in Galveston County as well,[2] it is preposterous for Defendants to suggest that a fairer trial would be had, or witnesses would be less inconvenienced, by directing their cars northward through heavy traffic and construction towards Houston rather than trouble-free southward towards Galveston.[3] This analysis applies with equal vigor to the numerous police officers, emergency medical personnel, and other fact witnesses who reside in or near Webster.

Furthermore, Defendants harp on the fact that Plaintiff's treating physicians in Houston will be inconvenienced by traveling to Galveston for trial, since Fed.R.Civ.P. 32(a)(3) bars the Court from admitting depositions of witnesses located within 100 miles of the place of trial. Defendants' analysis is absurd on its face. In the first place, Defendants focus their analysis only on Rule 32(a)(3)(B), thereby completely ignoring Rule 32(a)(3)(E), which grants broad latitude in admitting

the deposition testimony of witnesses precisely like physicians. Moreover, trial courts possess broad discretion in admitting and excluding evidence for trial, given that Fed.R.Civ.P. 32, like all other rules, does not operate in a vacuum, but instead is directly informed by Fed.R.Evid. 403 and 611(a), which confer clear authority upon District Courts in fashioning the presentation of evidence. To ease Defendants' worries, the Court notes that it both can and will admit deposition testimony in lieu of live testimony at trial in order to maximize the availability and convenience of, and minimize the expense of, medical witnesses in Houston.[4] In light of these specific circumstances, this factor does not weigh in favor of transfer.

In addition to balancing the availability and convenience of witnesses, the Court also considers the location of the parties. In this case, Plaintiff and his family reside in League City, Texas, a city within the Galveston Division. Defendants' Webster store no doubt draws an enormous customer base from Galveston County residents. Thus, neither party would be persuasively

compel their testimony at trial." *See Continental Airlines*, 805 F.Supp. at 1397; *see also Dupre*, 810 F.Supp. at 825. Thus, although relevant, the location of Defendants' employee witnesses does not significantly weigh in favor of transfer.

2. By Defendants' own admission, one of the key witnesses to the alleged incident is Michael Sabatier, a Home Depot employee who resides in Dickinson, Texas, an area of Galveston County. Sabatier was the first Home Depot employee to reach Plaintiff following the accident, making his testimony particularly salient. As this Court has previously observed, in determining the convenience of witnesses, more important than the numbers of the witnesses residing in a particular place is the residence of *key* witnesses. "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Dupre*, 810 F.Supp. at 825. *See also*

15 Charles A. Wright et al., *Federal Practice and Procedure* § 3851 (1986) (noting that courts have uniformly "refused to let applications for transfer become a 'battle of numbers' "). Thus, even if a great majority of ancillary witnesses reside in Houston, Sabatier's place of residency still strongly favors retention.

3. "It is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches on the Continental United States." *Continental Airlines*, 805 F.Supp. at 1397.

4. The Court has allowed literally scores of doctors to testify by deposition over the last eleven years because of the obvious burden on doctors, their staffs, their patients, and counsel, as well as the enormous expense involved. Indeed, many doctors *refuse* to testify otherwise.

inconvenienced by litigating this matter in the Galveston Division.

## 2. *Location of Counsel*

Although this factor is entitled to the least consideration, the Court notes that it does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Dupre*, 810 F.Supp. at 826 (recognizing that the vast majority of cases hold that location of counsel is entitled to little or no consideration). In the case at hand, Plaintiff has retained counsel in both Houston and Port Arthur, while Defendants have employed counsel in Dallas. Although Plaintiff's attorneys are located outside of Galveston, as are well over ninety percent of the lawyers who practice in this Court, it is ludicrous to suggest that any significant benefits will inure to Plaintiff's counsel by traveling to the Houston Division courthouse instead of the Galveston Division courthouse. As such, this factor does not support transfer.

## 3. *Location of Books and Records*

■ Home Depot and HDI emphasize that Plaintiff's medical and other relevant records are located in the Houston Division. Even if this is true, however, the location of books and records is not of paramount importance in a personal injury action. *See id.* at 826–27 (noting that a personal injury suit is typically not the type of action where books and records are vital); *Continental Airlines*, 805 F.Supp. at 1397 (observing that in a personal injury case "it is unlikely that all ... relevant documents will be needed for trial, and ... documents can be produced and examined anywhere for discovery purposes."). In a simple tort suit such as the one alleged here, it is especially unlikely that a multitude of documents will be necessary for the presentation of either party's case. If certain records do become relevant, the

Court finds no inconvenience in transporting these documents to the Galveston Division Courthouse from nearby Houston and/or Webster.

## 4. *Trial Expenses*

Defendant proffers no specific information regarding the expenses and costs associated with trying this case in Galveston *vis-à-vis* Houston. Given the close proximity between the two cities, common sense dictates that trial expenses will be similar if not identical in both venues. The Court therefore concludes that this factor does not support transfer.

## 5. *Place of the Alleged Wrong*

■ The Court generally considers the place of the alleged wrong to be a very important factor in venue determinations. *See Henderson*, 918 F.Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of resident plaintiffs). However, "this factor, like the other factors, is only part of the equation." *Dupre*, 810 F.Supp. at 827. *See Nobel Ins. Co. v. Acme Truck Line, Inc.*, No. CIV. A.3:99CV–2950G, 2000 WL 298908, at *3 (N.D.Tex. Mar.21, 2000) (refusing to transfer an insurance case to the division where the underlying accident took place); *AVEMCO Ins. Co. v. GSF Holding Corp.*, No. 96 CIV. 8323, 1997 WL 566149, at *6 (S.D.N.Y. Sept.11, 1997) (noting that the locus of operative facts was where conversations leading to an insurance policy were held). Although the alleged wrong occurred at a Home Depot store located literally at the southeast edge of the Houston Division, this fact by itself does not compel transfer. Not only is Plaintiff a Galveston resident, giving this Court a wholly legitimate interest in adjudicating this dispute, but Defendants have not shown that litigating this matter in the Galveston Division imposes any additional

inconvenience upon witnesses or parties. Consequently, the Court declines to disturb Plaintiff's choice of forum on this basis.

### 6. *Possibility of Delay and Plaintiff's Choice of Forum*

Finally, Plaintiff's decision to litigate this case in the Galveston Division of the Southern District of Texas is entitled to great deference. *See Peteet*, 868 F.2d at 1436; *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 171 (S.D.Tex.1997) (Kent, J.); *see also United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 683 (W.D.Tex.1986) (asserting that plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). This principle applies with particular force to Plaintiff, who is not a forum shopper, but a resident of the Galveston Division. Furthermore, it is inevitable that a transfer of venue to the Houston Division will result in Plaintiff losing significant time, as this case already has a firm trial date set in this Court, only four and one-half months hence, but would go to "the end of the line" in any transferee court. This likelihood of real delay, combined with the proper deference accorded to Plaintiff's choice of forum, militates strongly against a transfer to Houston.

### *II. CONCLUSION*

After careful consideration of the relevant factors, and in light of the specific facts of this case, the Court concludes that Defendants have failed to carry their burden of demonstrating that a transfer is necessary to serve the interests of justice or for the convenience of either witnesses or parties. The Court therefore declines to disturb the forum chosen by Plaintiff and introduce the likelihood of delay inherent in any transfer simply to avoid the infinitesimal inconvenience that Defendants might theoretically suffer by litigating this matter in Galveston rather than Houston. For all of the reasons stated above, Defendants' Motion to Transfer Venue is hereby **DENIED.**

**IT IS SO ORDERED.**