**NATIONAL COMPUTER LIMITED, a Japanese corporation, Plaintiff,**

v.

**TOWER INDUSTRIES, INC., a California corporation, Tower Laser, Inc., a California corporation, TLI Technologies, a California corporation, Defendants.**

No. C–88–4740 SAW ENE.

United States District Court,
N.D. California.

March 24, 1989.

Chinin Tana, Ann M. Finneran, San Francisco, Cal., for plaintiff.

Julian A. Pollok, Los Angeles, Cal., for defendants.

## MEMORANDUM and ORDER

WEIGEL, District Judge.

Plaintiff National Computer Limited (NCL) brings this diversity action against defendants for breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and fraud. Specifically, plaintiff alleges that defendants failed to pay the total purchase price of certain contracts for the delivery of NCL "photo etching parts" to defendants.

Plaintiff NCL is a Japanese corporation located in Tokyo, Japan. NCL maintains no place of business in California. Defendants are California corporations, each with their principal place of business in Anaheim, California.

Defendants Tower Industries, Inc. (Tower) and Tower Laser, Inc. (TLI)[1] move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, for a transfer of the action to the United States District Court for the Central District of California. Defendants Tower and TLI also request Rule 11 sanctions against plaintiff equal to defendants' costs in litigating this motion.

Plaintiff, in turn, requests Rule 11 sanctions against defendants Tower and TLI equal to plaintiff's costs in litigating this motion, plus a $1,000 punitive sanction against each defendant and their counsel, Julian A. Pollock, plus an additional $500 sanction against Jon W. Schroeder for his allegedly misleading statement in his declaration.

### I.

Plaintiff in its complaint states that venue is proper in the Northern District of California, based on section 1391(c) and because "plaintiff's causes of action are partly based upon defendant's [sic] actions in the Northern District".

The federal venue statute, 28 U.S.C. § 1391, provides in relevant part:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by laws, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

.  .  .  .  .

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall

---

**1.** Defendant TLI is a wholly owned subsidiary of defendant Tower. *See* Declaration of Jon W. Schroeder. Both these entities maintain their principal place of business at the same address in Anaheim, California.

be regarded as the residence of such corporation for venue purposes.

Because the only basis for federal subject matter jurisdiction in this case is diversity of citizenship, the applicable section 1391(a). *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir.1986). "A claim arises in any district in which a substantial part of the acts, events or omissions occurred that gave rise to the claim." *Id.* Because plaintiff's claims are based in significant part upon defendants' alleged actions in Milpitas, California—while defendant TLI, a wholly owned subsidiary of defendant Tower, maintained a sales office and manufacturing facility in Milpitas—venue is proper in the Northern District.[2]

## II.

■ Defendants Tower and TLI also have requested that the Court transfer this action to the Central District, pursuant to 28 U.S.C. § 1404(a).[3] They state several reasons why the Central District is a much more convenient forum, including that all the defendants reside in the Central District; all defendants' witnesses allegedly reside in the Central District; several of defendants' witnesses are no longer employed by defendants and are outside this Court's compulsory subpoena process; and plaintiff is a resident of a Japan (and it should make little difference to plaintiff in terms of convenience and economy whether plaintiff's representatives are required to fly to the Central or Northern District to attend hearings or trial).

Plaintiff, on the other hand, claims that two of plaintiff's employees who will testify at trial (and are residents of Japan), have frequent extended stays in the Northern District.[4] Further, plaintiff states that this case has been assigned for an "Early Neutral Evaluation program" in the Northern District and this will lead to an expeditious and inexpensive resolution of the matter.

Defendant must make a strong showing of inconvenience to upset plaintiff's choice of forum. *Decker*, 805 F.2d at 843. A court should consider "private and public interest factors" affecting the convenience of the forum. *Id.* Private factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if view would be appropriate to action; and (3) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* Public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

The Court determines that defendants Tower and TLI have made a sufficiently strong showing that the Central District is a more convenient forum than is the Northern District for the conduct of this action. With regard to relevant private factors, the Court considers that: (1) no parties reside in the Northern District while all the defendants reside in the Central District; (2) plaintiff has not identified one witness who resides in the Northern District[5], while de-

---

2. Defendant TLI ordered and received a large number of parts—allegedly not paid for yet—while it was located in Milpitas, California, listing 143 Topaz Street, Milpitas, California, as its address on the purchase orders sent to plaintiff. Plaintiff's invoices on these orders were sent to defendant TLI's Milpitas, California, address.

3. 28 U.S.C. § 1404(a) provides in relevant part: For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

4. Namiq Kunimoto and Norikatsu Sugata, employees of plaintiff, allegedly make frequent extended trips to San Jose, California, to supervise operations of a company that is a subsidiary of plaintiff NCL.

5. Plaintiff has identified two witnesses, employees of plaintiff, both of whom reside in Japan. The Court believes it will impose no great addi-

fendants have stated that all nine of its witnesses live in the Central District; (3) the costs of obtaining attendance of defendants' witnesses should be lower if this action is had in the Central District, and the ease of access to relevant sources of proof should be greater there; (3) compulsory process for attendance of any unwilling witnesses is available in the Central but not the Northern District; and (4) there will be little waste of the Court's or the parties' time and energy by transferring this action to the Central District since the action is fledgling.[6]

With regard to public factors, the Court considers that this action does not involve a controversy local to the Northern District. Plaintiff is a resident of Japan and defendants have their offices in Anaheim, California, while no party currently maintains an office in the Northern District. Further, this diversity suit presents no policy or legal questions unique to the Northern District. As to the burden on citizens who may serve as jurors, the Court finds it more appropriate to place that burden on citizens of the Central District since all the defendants maintain their headquarters in the Central District, while no parties have an office or place of business in the Northern District.

Thus, the Court concludes that the Central District is a district in which the action "might have been brought" under the venue statute, 28 U.S.C. § 1391(a)[7]; *see Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555, and that the "convenience of the parties and witnesses, in the interest of justice" favor transfer. 28 U.S.C. § 1404(a); *see Hatch,* 758 F.2d at 414.

### III.

Both parties have moved for sanctions.

■ As to defendants Tower's and TLI's motion for sanctions against plaintiff, the Court concludes that defendants' motion is without merit.[8]

■ The Court concludes, however, that plaintiff is entitled to sanctions from defendants Tower and TLI and their attorney in the total sum of $1,500. Federal Rule of Civil Procedure 11 states in relevant part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court upon motion or upon its own initiative, shall impose upon the person who signed it, ... an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable ex-

---

tional expense for these witnesses, when hearings are scheduled, to fly from Japan to the Central rather than to the Northern District. Moreover, the fact that plaintiff's counsel might be inconvenienced by a transfer of this action to the Central District is to be given little, if any, weight in this motion to transfer. *Sypert v. Miner,* 266 F.2d 196, 199 (7th Cir.), *cert. denied,* 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959); *Ayers v. Arabian American Oil Company,* 571 F.Supp. 707, 709 n. 1 (S.D.N.Y.1983).

**6.** Plaintiff filed its complaint on December 6, 1988, and defendants were served with the summons and complaint on January 13, 1989. Defendants have not answered the complaint. No action has been taken by the parties in the Early Neutral Evaluation program.

**7.** The action could have been brought in the Central District under 28 U.S.C. § 1391(a) because "all the defendants reside" in that district. *Id.*

**8.** Defendants Tower and TLI requested sanctions against plaintiff equal to defendants' costs in litigating this motion. Although the Court is granting defendants' motion for transfer of venue, the Court concludes that plaintiff's opposition to defendants' motions was well grounded in fact, warranted by existing law, and not interposed for any improper purpose. Fed.R.Civ.P. 11.

penses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The pleadings filed by defendants Tower and TLI with respect to their motion to dismiss for lack of venue do not meet the minimum requirements of Rule 11. Specifically, their motion to dismiss this action for lack of venue is frivolous, and is based in part on a false statement to the Court that "[n]o dealings between plaintiff and defendants were had within the Northern District." *See* Declaration of Jon W. Schroeder, at ¶ 4. The attorney for defendants Tower and TLI had he done his homework, and had he and/or his clients been more forthright, would have been able to determine from the face of plaintiff's complaint that venue in the Northern District was proper under 28 U.S.C. § 1391(a).[9]

Accordingly,

IT IS HEREBY ORDERED that:

(1) defendants Tower's and TLI's motion to dismiss for lack of venue is DENIED;

(2) defendants Tower's and TLI's motion to transfer venue to the Central District is GRANTED;

(3) defendants Tower's and TLI's motion for sanctions against plaintiff is DENIED;

(4) plaintiff's motion for sanctions against defendants Tower and TLI and their attorney is GRANTED in the total sum of $1,500.

---

9. Although from the text of Rule 11 it is obvious that a pleader need not be correct in his view of the law, *Wasyl v. First Boston Corp.,* 813 F.2d 1579, 1583 (9th Cir.1987), he must have some basis in law to present his claim to the court. Had defendants Tower's and TLI's attorney done his homework he would have realized that his motion to dismiss for lack of venue was frivolous. *See Schromm v. Landscape Contractors Council,* 582 F.Supp. 1519, 1522 (N.D.Cal. 1984); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986); *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1540–41 (9th Cir.1988).