Joseph P. CARONA

v.

FALCON SERVICES COMPANY, INC., et al.

No. Civ.A. G–99–205.

United States District Court, S.D. Texas, Galveston Division.

Oct. 21, 1999.

· Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for Joseph P Carona, IV, plaintiff.

William B. Underwood, III, House Kingsmill et al., Houston, TX, Michael RC Riess, House Kingsmill et al., New Orleans, LA, for Falcon Services Company Incorporated, R & B Falcon Corp., defendants.

William B. Underwood, III, House Kingsmill et al., Houston, TX, Edward Donald Burbach, Griggs & Harrison, Houston, TX, for Denbury Management, Inc., Denbury Energy Services, Inc., defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

KENT, District Judge.

Pursuant to 28 U.S.C. 1404(a), Defendants previously sought a discretionary transfer of venue from this Court to the Eastern District of Louisiana. Plaintiff responded in opposition, and in a rare deviation from its usual custom, this Court allowed Defendants to file a Supplemental Memorandum in Support of Motion to Transfer Venue. To say the least, the venue issue was sharply contested, but ultimately this Court concluded that a transfer to the Eastern District of Louisiana was not warranted by the circumstances of this case. Now before the Court is Plaintiff's September 15, 1999 Mo-

tion for Sanctions, filed in response to Defendants' inconsistent representations as to the principal place of business of Falcon Services Company, Inc. ("Falcon Services"). For reasons explained more fully herein, this Motion is **GRANTED.** Defendants are **ORDERED** to pay Plaintiff's counsel the sum of **ONE THOUSAND DOLLARS** ($1000.00) in order to compensate Plaintiff's counsel for the time and expense of responding to Defendants' inexcusably careless and inaccurate representations, and to deter future transgressions by Defendants or others similarly situated. Payment must be made within **THIRTY DAYS** of the date of this Order, else **FURTHER SANCTIONS WILL ISSUE.**

## I. Factual Summary

### A. Historical Background

To put Plaintiff's Motion for Sanctions into proper perspective, the Court feels it would be beneficial to review the previous contacts this Court has had with the Defendants. Since 1995, Falcon Services Company, Inc., or some related Falcon entity, has been named a defendant in 14 suits filed in this Court. In eight of these suits, Defendants did not move to transfer venue.[1] One suit was just recently filed, and Defendants have not to date moved to transfer venue.[2] However, in four suits, Defendants have strenuously but unsuccessfully urged this Court to transfer venue elsewhere.[3] The intensity with which Defendants have waged their various venue transfer battles is illustrated by the fact that Defendants recently went so far as to seek a writ of mandamus in response to this Court's decision denying a venue transfer motion. *See Brunet v. Falcon Services Co., Inc.,* No. G–98–324 (S.D.Tex. filed June 29, 1998). Defendants only abandoned their efforts to obtain mandamus review when the plaintiff voluntarily agreed to transfer venue to Louisiana.

The present case marks the fifth time Defendants have unsuccessfully moved to transfer venue. *See Carona v. Falcon Services Co., Inc.,* No. G–99–205, 1999 WL 759890 at *1 (S.D.Tex. Sept. 21, 1999). In light of this historical setting, the Court earlier took particular care to provide Defendants with "a painstaking and thorough analysis of the venue transfer standard which prevails in this Court", but postponed for another day consideration of whether Defendants' conduct merited sanctions. *Id.* at *3. That day has now arrived.

### B. Inconsistent Affidavits

What gives rise to Plaintiff's request for sanctions is the fact that Defendants have submitted to the Court two mutually inconsistent affidavits. The first affidavit was filed in the *Brunet* case, which, ironically enough, is the same case which ultimately spawned Defendants' quest for a writ of mandamus. The affidavit, dated May 10, 1999, was submitted in support of Defendants' Motion to Transfer Venue, which sought a transfer from this Court to the Eastern District of Louisiana. In the *Brunet* affidavit, Mr. Lloyd Pellegrin, Vice–President of Administration for Falcon Services Company, Inc., swore that

---

1. *See Krewson v. Falcon Services Co. Inc.,* No. G–99–204 (S.D.Tex. filed Mar. 31, 1999); *Crow v. Falcon Services Co. Inc.,* No. G–98–477 (S.D.Tex. filed Sept. 17, 1998); *Dedeaux v. Falcon Drilling Co.,* No. G–98–456 (S.D.Tex. filed Sept. 4, 1998); *Luke v. Falcon Services Co.,* No. G–98–268 (S.D.Tex. filed May 27, 1998); *Lewis v. Falcon Drilling Co.,* No. G–97–204 (S.D.Tex. filed April 14, 1997); *Hall v. Newfield Exploration,* No. G–97–158 (S.D.Tex. filed Mar. 14, 1997); *Green v. Falcon Drilling Co.,* No. G–96–610 (S.D.Tex. filed Oct. 26, 1996); *Glover v. Falcon Drilling Co.,* No. G–95–419 (S.D.Tex. filed July 12, 1995).

2. *See Morton v. R & B Falcon Drilling Co.,* No. G–99–446 (S.D.Tex. filed July 26, 1999).

3. *See Hoffpauir v. Falcon Services Co.,* No. G–98–484 (S.D.Tex. filed Sept. 21, 1998); *Brunet v. Falcon Services Co.,* No. G–98–324 (S.D.Tex. filed June 29, 1998); *Daniels v. Falcon Drilling Co.,* No. G–97–690 (S.D.Tex. filed Dec. 10, 1997); *Jiminez v. Gulf Star Holdings,* No. G–95–385 (S.D.Tex. filed June 29, 1995).

Falcon Services had its principle place of business in Houma, Louisiana.

However, in support of their Motion to Transfer Venue in the present case, Defendants submitted to this Court a copy of a Nov. 21, 1997 affidavit which had originally been submitted to the Mississippi state court in which Plaintiff first sued Defendants. In this second affidavit, the same Mr. Pellegrin swore that Falcon Services had Houston, Texas as its principle place of business.

## II. Analysis

■ This Court has the inherent power, as well as the authority expressly granted to it under the Federal Rules of Civil Procedure, to impose sanctions where warranted. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991) (finding "no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions"). In particular, Fed.R.Civ.P. 11(b)(3) provides that a party, by presenting to the court a written motion, is representing that "the allegation and other factual contentions have evidentiary support." If sanctions may be imposed when a party asserts as true that which lacks evidentiary support, *a fortiori* sanctions may be imposed when a party recklessly or in bad faith asserts as true that which is actually false. *See Sergio Estrada Rivera Auto Corp. v. Kim*, 717 F.Supp. 969, 974–76 (D.P.R.1989) (imposing Rule 11 sanctions for falsehoods and omissions in an affidavit filed in support of a motion to dismiss for lack of personal jurisdiction); *National Computer Ltd. v. Tower Indus., Inc.*, 708 F.Supp. 281, 284 (N.D.Cal.1989) (imposing sanctions for falsehoods contained in an affidavit offered in support of a motion to dismiss for lack of venue).

■ If a party's misrepresentations concerned only minor or tangential matters, sanctions would certainly not be warranted. But the location of the principal place of business of Falcon Services is a fact highly relevant to the Court's analysis of the propriety of transferring venue. *See Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993) (Kent, J.) (noting that the availability and convenience of witnesses and parties is "arguably the most important" single factor in analyzing a motion to transfer venue). Thus the Court is confronted with a situation in which a party has repeatedly sought to transfer venue elsewhere, yet has filed sworn affidavits that are flatly contradictory on their face with respect to a highly relevant fact.

In their Memorandum in Opposition to Motion for Sanctions, Defendants do not dispute that they filed the two affidavits, nor do they dispute that the affidavits are mutually inconsistent. Defendants do not claim a regrettable typographical error was made. Defendants do not claim Falcon Services' principle place of business has moved between the filing of the first and second affidavit, nor do Defendants make any other attempt to resolve the inconsistency. Instead, Defendants attempt to diminish the seriousness of their misrepresentations by characterizing Mr. Pellegrin's first statement as "an honest mistake." Moreover, Defendants claim that Mr. Pellegrin "is justifiably confused to some extent", apparently as the result of the awkward fact that the records of the Texas Secretary of State list Houston, Texas as the principal place of business of Falcon Services. However, Defendants concede that while "Mr. Pellegrin presently believes that the principal place of business, from a factual standpoint, is Houma Louisiana, the records, at least, would indicate that may be incorrect."

Given the totality of the circumstances, the Court finds that Defendants' misrepresentation rises well above the level of "an honest mistake." Sanctions are merited. This is not a case in which a minor inconsistency came to light only after an exhaustive review of a voluminous set of records. On the contrary, even a cursory reading of Defendant's short motions

would reveal this highly material inconsistency. Read in the manner Defendants intended it to be read, as material supporting a venue transfer motion, the inconsistency practically leaps off the page.

This is also not a case involving some subtle, easily overlooked omission or misstatement. In one document, Falcon Services' principal place of business is said to be Houma, Louisiana, while in another document it is said to be Houston, Texas. This is rank contradiction: unless the principal place of business has moved, at least one claim must necessarily be false. Logic alone demands this conclusion, which is unaffected by any party's "justifiable confusion" about the facts.

Now the claim that Mr. Pellegrin was "justifiably confused" deserves particular attention. The Court wants to make it absolutely plain that its decision to impose sanctions is *not* motivated by any spirit of retribution arising from Defendants' decision to seek mandamus review of the Court's earlier decision in the *Brunet* case. The Court does not want to be understood to be in any way questioning, limiting, or impugning Defendant's right to seek appropriate appellate review. "The Court, as always, stands ready to receive any guidance, suggestions or instructions the Fifth Circuit sees fit to provide." *Carona,* 1999 WL 759890 at *1–2.

But while Defendants' election to seek mandamus review is emphatically not the motive behind the Court's decision to impose sanctions, it is also not without relevance to the present analysis. The Court is utterly astonished that Defendants would seek to minimize the seriousness of their misrepresentations by claiming that Mr. Pellegrin was "justifiably confused" about whether Houma or Houston was Falcon Services' principal place of business. When this Court was, in good faith, attempting to analyze the propriety of transferring venue to Louisiana in the *Brunet* case, the Defendants did not merely disagree with the Court's resolution of this highly discretionary matter. On the contrary, the Defendants took the position that the Court's resolution was such a severe abuse of its discretion as to call for extraordinary mandamus relief. Defendants took this position based partly on their claim that Houma, Louisiana was the principal place of business of Falcon Services, a claim which, if true, would indeed have pointed towards transferring the case to Louisiana. But as Defendants now explain the situation, it turns out that, owing to this "justifiable confusion", Houston, Texas might really be Falcon Services' principal place of business after all. Of course this eleventh hour revelation, if true, would point towards retaining venue in the Southern District of Texas and would have inconveniently undermined Defendants' attempt to obtain mandamus relief in the *Brunet* case.

How the Defendants in general can be "justifiably confused" over the issue of *their own principal place of business* is a real mystery to this Court: all the information relevant to this issue is in the hands of Defendants. How Mr. Pellegrin in particular can be "confused" is another enigma: Mr. Pellegrin is the Vice–President of Administration for Falcon Services, and the man Defendants twice selected to be their spokesman, via sworn affidavits, for purposes of seeking venue transfer. The fact that "Houston" and "Houma" are both multi-syllabic words sharing the first three letters surely cannot be source of Defendants' confusion. The Court fears that the real key to understanding Defendants' "confusion" is that it appears to consistently benefit Defendants.

Plaintiff has · moved this Court for sanctions, and Defendants have had the opportunity to present their most cogent response. Having considered all the circumstances, the Court finds that Defendants' misrepresentations, presented to the Court in the form of written motions and supporting affidavits, rises to the level of sanctionable conduct. These self-serving misrepresentations appear to be the end product of an inexcusably reck-

less and cavalier attitude towards the truth of certain facts known better to Defendants than any other entity, namely, Defendants' own principal place of business. This is more than "a simple mistake." Defendants' claim that Mr. Pellegrin was "justifiably confused" is without merit. Moreover, given the nature of Defendants' conduct and the astonishing lack of insight Defendants displayed when confronted with their own transgressions, the Court believes that no lesser sanction will serve to deter future violations. Accordingly, Defendants are **ORDERED** to pay Plaintiff's counsel the sum of **ONE THOUSAND DOLLARS** ($1000.00). Payment must be made within **THIRTY DAYS** of the date of this order, else **FURTHER SANCTIONS WILL ISSUE.** The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeal for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**